HOULE v. CAMP.

1. MORTGAGES—FORECLOSURE—FRAUD—SET-OFF AND RECOUPMENT.
In suit to foreclose real estate mortgage, defendants may not set off damages for fraud in its execution more than seven years after such fraud, if any, occurred.

2. SAME—DECREE FOR EXCESSIVE AMOUNT MODIFIED.
In suit to foreclose real estate mortgage, decree for excessive amount is modified, on appeal, and affirmed.

Appeal from Muskegon; Vanderwerp (John), J. Submitted April 2, 1929. (Docket No. 23, Calendar No. 34,218.) Decided July 8, 1929.

Bill by Velo Houle against Clarence Camp and another to foreclose a mortgage. Defendants filed a cross-bill claiming fraud. From a decree for plaintiff, defendants appeal. Modified and affirmed.

*MacDonald & MacDonald,* for plaintiff.

*Willard G. Turner, Jr. (Raymond J. Engle* and *R. Burr Cochran,* of counsel), for defendants.

POTTER, J. September 13, 1927, plaintiff filed a bill in chancery to foreclose a real estate mortgage dated June 11, 1919, for $3,700 made by defendants to plaintiff to secure the payment of a promissory note of even date in like amount, payable on or before three years after April 1, 1919, with interest at 6% beginning April 1, 1919. April 30, 1928, there was decree for plaintiff for the amount of the principal, interest, and taxes, $6,244.67, and defendants

appeal, claiming the mortgage was obtained by fraud resulting in damages to them in the sum of $5,000 which they are entitled to recover against plaintiff under their answer in the nature of a cross-bill, and that they made various payments upon the mortgage which should be but have not been credited thereon.

Defendants went upon plaintiff's farm April 1, 1919. They bought the personal property thereon and gave the real estate mortgage to secure the balance due June 11, 1919. Payments have been credited upon the mortgage in the sum of $1,700. After defendants went on the farm they were offered $6,600 for the livestock thereon. After they had been on the premises some time some of the stock died. They instituted suit against plaintiff June 29, 1923, to recover damages for fraud, which suit was dismissed April 18, 1925, for failure of prosecution. The trial court held under the facts disclosed defendants could not set off the damages for fraud in this foreclosure suit commenced more than seven years after such fraud, if any, occurred.

In this we think he was correct. The proof of the amount due on the mortgage is not satisfactory. We think the amount found to be due is excessive. The decree will be modified, with costs, and a decree entered finding the amount due as of April 27, 1928, $2,137.91.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.